United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Countrywide Home Loan Servicing, LP, and others, Plaintiffs, | )<br>)<br>) |
| v. | ) Civil Action No. 18-61386-Civ-Scola<br>) |
| Charles Canute A Smith, Defendant. | )<br>)<br>) |

## **Order Remanding Case to State Court**

This matter is before the Court upon the Defendant Charles Canute A Smith's motion for leave to proceed *in forma pauperis*. (ECF No. 3.) Mr. Smith, who is proceeding pro se, has not paid the required filing fee. Therefore, the screening provisions of 28 U.S.C. § 1915(e) apply. *See Rehnerger v. Henry Cty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014) (holding that 28 U.S.C. § 1915(e) applies to all IFP proceedings). Section 1915(e)(2)(B) permits a court to dismiss a suit "any time [ ] the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Mr. Smith initiated this case by filing a notice of removal (ECF No. 1) of what appears to be a foreclosure proceeding in Broward County circuit court. In the notice, Mr. Smith attempts to invoke the Court's diversity jurisdiction under 28 U.S.C. section 1332.[1]

"A district Court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). "When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal

---

[1] Mr. Smith also mentions that this Court has federal question jurisdiction under 28 U.S.C. section 1331, but upon review none of his proposed claims involve a federal question.

court, provided that no defendant is a citizen of the state in which the action was brought." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 69 (1996). Thus, where a defendant is a citizen of Florida at the time of removal, the district court lacks diversity jurisdiction. *Thermoset Corp.*, 849 F.3d at 1317. Upon a review of the notice, Mr. Smith admits that he is a citizen of the state of Florida. (*See* ECF No. 1 at 3.) As a result, the Court lacks subject matter jurisdiction and removal of the underlying action in this case is improper. In addition, although Mr. Smith attempts to assert claims related to the propriety of the underlying foreclosure, he may not do so in a notice of removal, and the notice therefore fails to state a claim for which relief may be granted.

Accordingly, this case is **remanded** to state court. The Clerk is directed to **close** this case and take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to the Circuit Court for the 17th Judicial Circuit in and for Broward County. Mr. Smith's motion for leave to proceed IFP (**ECF No. 3**) is therefore **denied as moot**.

**Done and ordered** at Miami, Florida, on June 21, 2018.

_____
Robert N. Scola, Jr.
United States District Judge